**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN LIGGONS**<br>**6222 Lewis Ave.  #F**<br>**Toledo, Ohio  43612** | \* | **Case No.** |
| | \* | **Judge** |
| Plaintiff, | \* | **COMPLAINT; JURY DEMAND** |
| v. | | **ENDORSED HEREON** |
| | \* | |
| **GENERAL MOTORS, LLC** | | |
| **1145 West Alexis Road** | \* | Francis J. Landry   (0006072) |
| **Toledo, Ohio  43612** | | **WASSERMAN, BRYAN, LANDRY** |
| | \* | **& HONOLD, LLP** |
| and | | 1090 W. South Boundary St |
| | \* | Suite 500 |
| **UNITED AUTOMOBILE,** | | Perrysburg, Ohio 43551 |
| **AEROSPACE AND** | \* | Telephone:  (419) 243-1239 |
| **AGRICULTURAL IMPLEMENT** | | Facsimile:  (419) 243-2719 |
| **WORKERS OF AMERICA** | \* | Email: FLandry308@aol.com |
| **LOCAL 14** | | Attorney for Plaintiff |
| **6411 Jackman Road** | \* | Shawn Liggons |
| **Toledo, Ohio  43613** | | |

Defendants.

\*     \*     \*     \*     \*     \*     \*     \*

**JURISDICTION**

1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343,

2201 and 2202.  This action, in part, is one for money damages, reinstatement, and liquidated

damages resulting from an alleged unlawful termination of employment in violation of the

Americans with Disabilities Act and the Amendments thereto which were effective January 1,

2009, 42 USC 12101 et seq.  and from unlawful racial discrimination in violation of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. Plaintiff also brings claims under the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq. and for racial discrimination under 42 U.S.C. Section 1981. Plaintiff states that on March 14, 2019, he filed a charges of discrimination against Defendant General Motors, LLC, based upon race and disability with the Ohio Civil Rights Commission and the U.S. Equal Employment Opportunity Commission.  Charge Number 22A-2019-01587, attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On March 4, 2020, the District Director of the EEOC issued to Plaintiff a Notice of Right to Sue advising him of his right to file suit in an appropriate federal court within ninety (90) days of his receipt of said notice, attached as Exhibit B.  Plaintiff received this notice on or after March 5, 2020.  On March 14, 2019, Plaintiff also filed a charge of discrimination on the basis of race against the Defendant UAW Local No. 14 with the U. S. Equal Employment Opportunity Commission, Charge Number 22A-2019-01588, attached hereto as Exhibit C and incorporated by reference as if fully restated herein and made a part hereof.  On March 4, 2020, the District Director of the EEOC issued to Plaintiff a Notice of Right to Sue advising him of his rights to file suit in an appropriate federal court within ninety (90) days of his receipt of said notice, attached as Exhibit D. Plaintiff received this notice on or after March 5, 2020.

**PARTIES**

2.      Plaintiff, Shawn Liggons, is a citizen of the United States and a resident of the City of Rossford, County of Wood, State of Ohio, who has been employed by Defendant  General Motors, LLC since February 29, 2016. At all times material hereto, Plaintiff has been an employee of an employer within the meaning of the Americans with Disabilities Act, Title VII of

the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Chapter 4112 of the Ohio Revised Code in that the Plaintiff was an employee of an entity with more than twenty-five (25) employees.

3.      Plaintiff states that the Defendant is a limited liability company duly organized under Delaware law with a place of business in the City of Toledo, County of Lucas, State of Ohio. Defendant at all times had more than twenty-five (25) employees and was also an employer within the meaning of the Americans with Disabilities Act. Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, and Ohio Revised Code Section 4112.01.  Defendant is engaged in an industry affecting interstate commerce.

4.      Plaintiff states that the Defendant United Auto Workers Union, Local 14, (hereinafter "Union") is a Labor Organization within the meaning of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Ohio Revised Code Section 4112.01 in that Defendant Local Union had more than twenty-five (25) members at all times material hereto. Defendant is engaged in an industry affecting interstate commerce.

## NATURE OF THE CASE

5.       Plaintiff brings this action for damages and injunctive relief for an unlawful disparate treatment including refusal to give pay increases and disparate discipline all on an ongoing and continuing basis  which series of actions he contends was discriminatory on the basis of his race and disability and in retaliation for his filing of past charges.

## GENERAL ALLEGATIONS

6.      Plaintiff is an African-American citizen of the United States

7.    Plaintiff has been employed with the Defendant Company since February 29, 2016, most recently as a Quality Operator.

8.    Plaintiff has been denied a pay raise prior to and on October 1, 2018 and continuing due.

9.     Prior to his continuing denial of a pay raise, Plaintiff has filed past charges of discrimination and participated in a protected activity. His previous charges were filed against the Defendant Company in October of 2017 and April of 2018, Charges Numbers 22A-2018-00088C and 22A-2018-02144C.

9.    Plaintiff is and at all times material hereto has been a member of the Defendant Union.

10.    Plaintiff states that the Defendant Union has failed in its duty to represent him on the pay raise issue based on racially discriminatory animus. Plaintiff filed past charges of discrimination against the Defendant Union in October of 2017, Charge No. 22A-2018-00089C. Plaintiff also filed a charge against the Defendant Union in August of 2018, Charge No. 22A-2018-03306C.

11.    Prior to being hired by the Defendant Company in 2016, he had worked as a Temporary employee at the Employer's premises since 2010.

12.    In 2016, Plaintiff filed four grievances over suspensions that he had received from the Defendant Company. Plaintiff contends that his suspensions were discriminatory on the basis of race and not authorized per contractual language.  Plaintiff also filed a fifth grievance based on the Defendant Company's giving away his work responsibilities with someone of less seniority.

13.    On April 10, 2019, the Defendant Company suspended Plaintiff for violations under the Document 8 attendance program.  Plaintiff received a suspension from April 10, 2019 to May 31, 2019.  This constituted back to back discipline for the same offense, one for two weeks and one for thirty (30) days.  The Defendant Company failed to consider language indicating that

absences cause by personal or unforeseeable problems will be addressed in a reasonable and responsible manner.

14.    Plaintiff states that the history of his absenteeism discipline was grossly improper. For example, he was given a verbal reminder on June 29, 2016 when he actually called in two times that day. This penalty as assessed more than three days after its occurrence making it contractually void.  A written warning was then assessed on September 30, 2016 which should have been covered under FMLA and which was assessed over 45 days after its occurrence. Plaintiff's medical disability leave from January 2, 2019 to February 22, 2019 should have been protected. Plaintiff was also improperly given a 30 days suspension for absenteeism on January 11, 2018 when a bus broke down in a massive snow storm.

15.    Plaintiff further contends that the Defendant continued to harass him after he  returned from his suspension on June 1, 2019 and that he had exceeded 18 months probation and that  he should have been cleared of his Doc. 8 probation prior to the suspension being assessed.


### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### Racial Discrimination-Title VII  42 U.S.C. Sections 2000e et seq.

16.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully stated herein.

17.     Plaintiff is an African-American citizen of the United States

18.    Plaintiff has been employed with the Defendant Company since February 29, 2016, most recently as a Quality Operator.

19.    Plaintiff has been denied a pay raise prior to and on October 1, 2018 and continuing due.

20.      Prior to his continuing denial of a pay raise, Plaintiff has filed past charges of discrimination and participated in a protected activity. His previous charges were filed against the Defendant Company in October of 2017 and April of 2018

21.      Prior to being hired by the Defendant Company in 2016, he had worked as a Temporary employee at the Employer's premises since 2010.

22.      In 2016, Plaintiff filed four grievances over suspensions that he had received from the Defendant Company. Plaintiff contends that his suspensions were discriminatory on the basis of race and not authorized per contractual language.  Plaintiff also filed a fifth grievance based on the Defendant Company's giving away his work responsibilities with someone of less seniority.

23.      On April 10, 2019, the Defendant Company suspended Plaintiff for violations under the Document 8 attendance program.  Plaintiff received a suspension from April 10, 2019 to May 31, 2019.   This constituted back to back discipline for the same offense, one for two weeks and one for thirty (30) days.   The Defendant Company failed to consider language indicating that absences cause by personal or unforeseeable problems will be addressed in a reasonable and responsible manner.

24.      Plaintiff states that the history of his absenteeism discipline was grossly improper. For example, he was given a verbal reminder on June 29, 2016 when he actually called in two times that day. This penalty as assessed more than three days after its occurrence making it contractually void.  A written warning was then assessed on September 30, 2016 which should have been covered under FMLA and which was assessed over 45 days after its occurrence. Plaintiff's medical disability leave from January 2, 2019 to February 22, 2019 should have been protected. Plaintiff was also improperly given a 30 days suspension for absenteeism on January 11, 2018 when a bus broke down in a massive snow storm.

25.     Plaintiff further contends that the Defendant Company continued to harass him after he returned from his suspension on June 1, 2019 and that he had exceeded 18 months probation and that  he should have been cleared of his Doc. 8 probation prior to the suspension being assessed.

26.      Plaintiff states that the Defendant Union has worked together with the Defendant Company in bringing about his disparate treatment with full knowledge of the discrimination. Plaintiff states that the Defendant Union's actions were motivated by discriminatory animus and that it failed to represent Plaintiff  in grievances over the aforementioned series disciplinary and wage issues that clearly breached the labor contractual provisions.

27.     Plaintiff states that similarly situated non-African American individuals have been more favorably treated by both Defendants and that the reasons advanced by Defendant Company for disciplinary issues, continuing denials of raises and harassment were and are false and pretextual.

28.      Plaintiff states that the acts of the Defendants constitute wilful racial discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991.

29.      As a proximate cause of the acts complained of, Plaintiff has suffered lost wages, benefits, pension benefits, damage to his personnel record,  great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF—Racial Discrimination—42 U.S.C. Section 1981**

30.      Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-nine (29) of this Complaint, supra, by reference in its entirety as if fully stated herein.

31.      Plaintiff is an African-American citizen of the United States

32.     Plaintiff has been employed with the Defendant Company since February 29, 2016, most recently as a Quality Operator.

33.     Plaintiff has been denied a pay raise prior to and on October 1, 2018 and continuing due.

34.      Prior to his continuing denial of a pay raise, Plaintiff has filed past charges of discrimination and participated in a protected activity. His previous charges were filed against the Defendant Company in October of 2017 and April of 2018

35.     Prior to being hired by the Defendant Company in 2016, he had worked as a Temporary employee at the Employer's premises since 2010.

36.     In 2016, Plaintiff filed four grievances over suspensions that he had received from the Defendant Company. Plaintiff contends that his suspensions were discriminatory on the basis of race and not authorized per contractual language.  Plaintiff also filed a fifth grievance based on the Defendant Company's giving away his work responsibilities with someone of less seniority.

37.     On April 10, 2019, the Defendant Company suspended Plaintiff for violations under the Document 8 attendance program.  Plaintiff received a suspension from April 10, 2019 to May 31, 2019.  This constituted back to back discipline for the same offense, one for two weeks and one for thirty (30) days.  The Defendant Company failed to consider language indicating that absences cause by personal or unforeseeable problems will be addressed in a reasonable and responsible manner.

38.     Plaintiff states that the history of his absenteeism discipline was grossly improper. For example, he was given a verbal reminder on June 29, 2016 when he actually called in two times that day. This penalty as assessed more than three days after its occurrence making it contractually void.  A written warning was then assessed on September 30, 2016 which should have been covered under FMLA and which was assessed over 45 days after its occurrence.

Plaintiff's medical disability leave from January 2, 2019 to February 22, 2019 should have been protected. Plaintiff was also improperly given a 30 days suspension for absenteeism on January 11, 2018 when a bus broke down in a massive snow storm.

39.    Plaintiff further contends that the Defendant continued to harass him after he returned from his suspension on June 1, 2019 and that he had exceeded 18 months probation and that he should have been cleared of his Doc. 8 probation prior to the suspension being assessed.

40.    Plaintiff states that the Defendant Union has worked together with the Defendant Company in bringing about his disparate treatment with full knowledge of the discrimination. Plaintiff states that the Defendant Union's actions were motivated by discriminatory animus and that it failed to represent Plaintiff in grievances over the aforementioned series disciplinary and wage issues that clearly breached the labor contractual provisions.

41.    Plaintiff states that similarly situated non-African American individuals have been more favorably treated by both Defendants and that the reasons advanced by Defendant Company for disciplinary issues, continuing denials of raises and harassment were and are false and pretextual.

42.    Plaintiff states that the acts of the Defendants constitute wilful racial discrimination in violation of 42 U.S.C. Section 1981.

43.    As a proximate cause of the acts complained of, Plaintiff has suffered lost wages, benefits, pension benefits, damage to his personnel record, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.**

44.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-three (43) of this Complaint, supra, by reference in its entirety as if fully stated herein.

45.     Plaintiff states that he was and is a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.  as he suffered and suffers from Post Traumatic Stress Disorder and Major Depression.  Plaintiff states that the Defendant was aware of Plaintiff's conditions.

46.     Plaintiff has been employed with the Defendant Company since February 29, 2016, most recently as a Quality Operator.

47.     Plaintiff has been denied a pay raise prior to and on October 1, 2018 and continuing due.

48.     Prior to his continuing denial of a pay raise, Plaintiff has filed past charges of discrimination and participated in a protected activity. His previous charges were filed against the Defendant Company in October of 2017 and April of 2018

49.     Prior to being hired by the Defendant Company in 2016, he had worked as a Temporary employee at the Employer's premises since 2010.

50.     In 2016, Plaintiff filed four grievances over suspensions that he had received from the Defendant Company. Plaintiff contends that his suspensions were discriminatory on the basis of race and not authorized per contractual language.  Plaintiff also filed a fifth grievance based on the Defendant Company's giving away his work responsibilities with someone of less seniority.

51.     On April 10, 2019, the Defendant Company suspended Plaintiff for violations under the Document 8 attendance program.  Plaintiff received a suspension from April 10, 2019 to May 31, 2019.   This constituted back to back discipline for the same offense, one for two weeks and one for thirty (30) days.   The Defendant Company failed to consider language indicating that absences cause by personal or unforeseeable problems will be addressed in a reasonable and responsible manner.

52.     Plaintiff states that the history of his absenteeism discipline was grossly improper. For example, he was given a verbal reminder on June 29, 2016 when he actually called in two times

that day. This penalty as assessed more than three days after its occurrence making it contractually void.  A written warning was then assessed on September 30, 2016 which should have been covered under FMLA and which was assessed over 45 days after its occurrence. Plaintiff's medical disability leave from January 2, 2019 to February 22, 2019 should have been protected. Plaintiff was also improperly given a 30 days suspension for absenteeism on January 11, 2018 when a bus broke down in a massive snow storm.

53.    Plaintiff further contends that the Defendant continued to harass him after he  returned from his suspension on June 1, 2019 and that he had exceeded 18 months probation and that  he should have been cleared of his Doc. 8 probation prior to the suspension being assessed.

54.     Plaintiff states that the Defendant Union has worked together with the Defendant Company in bringing about his disparate treatment with full knowledge of the discrimination. Plaintiff states that the Defendant Union's actions were motivated by discriminatory animus on the basis of disability and that it failed to represent Plaintiff  in grievances over the aforementioned series disciplinary and wage issues that clearly breached the labor contractual provisions.

55.    Plaintiff states that similarly situated non-disabled individuals have been more favorably treated by both Defendants and that the reasons advanced by Defendant Company for disciplinary issues, continuing denials of raises and harassment were and are false and pretextual and motivated because of Plaintiff's disabling conditions.

56.    Plaintiff states that the Defendants' actions are a wilful violation of the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq.

57.     As a proximate cause of the acts complained of, Plaintiff has suffered lost wages, benefits, pension benefits, damage to his personnel record,  great mental and emotional distress,

anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
**Retaliation**

58.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty-seven (55) of this Complaint, supra, by reference in its entirety as if fully restated herein

59.     Plaintiff states that he filed  Charges of Discrimination as detailed above on April of 2017 and October of 2018 and in mid-March of 2019  pertaining to the racial discrimination he had endured against both Defendants. After he reported the discrimination, he was retaliated against on an ogoing and continuing basis by the Defendant Company. The Defendant Union continued to fail to assist Plaintiff in obtaining any redress, seeking rather to ignore Plaintiff's ongoing requests and failing to process Plaintiff's grievances.

60.     On April 10, 2019, the Defendant Company suspended Plaintiff for violations under the Document 8 attendance program.  Plaintiff received a suspension from April 10, 2019 to May 31, 2019.   This constituted back to back discipline for the same offense, one for two weeks and one for thirty (30) days.   The Defendant Company failed to consider language indicating that absences cause by personal or unforeseeable problems will be addressed in a reasonable and responsible manner.

61.     Plaintiff states that the history of his absenteeism discipline was grossly improper. For example, he was given a verbal reminder on June 29, 2016 when he actually called in two times that day. This penalty as assessed more than three days after its occurrence making it contractually void.  A written warning was then assessed on September 30, 2016 which should have been covered under FMLA and which was assessed over 45 days after its occurrence. Plaintiff's medical disability leave from January 2, 2019 to February 22, 2019 should have been

protected. Plaintiff was also improperly given a 30 days suspension for absenteeism on January 11, 2018 when a bus broke down in a massive snow storm.

62.     Plaintiff further contends that the Defendant Company continued to harass him after he returned from his suspension on June 1, 2019 and that he had exceeded 18 months probation and that  he should have been cleared of his Doc. 8 probation prior to the suspension being assessed. The Defendant Union persisted in its outright refusal to assist Plaintiff, working in concert with the Defendant Company to thwart Plaintiff's attempt to obtain redress and to escalate discipline to move Plaintiff toward termination.

63.     Plaintiff states that the Defendant was and is aware of his having filed prior charges of discrimination with the Ohio Civil Rights Commission and the EEOC with both Defendants. Plaintiff states that there was a causal nexus between his previous charges and his ongoing protected activity and the continued pattern of harassment, denial of raises and discipline perpetuated by both Defendants.

64.     Plaintiff states that the Defendants have engaged in a pattern of ongoing retaliation against him for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991.

65.     As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the lost wages, seniority, fringe benefits and pension benefits, damage to his personnel record, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.


        **WHEREFORE,**  Plaintiff prays for an order of full back pay, seniority and benefits. Plaintiff further demands a judgment against Defendants for compensatory and punitive damages

for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff demands injunctive relief removing all adverse personnel records from his file and instatement into the position he should have held with appropriate adjustment in back and future pay. Plaintiff also seeks prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


 /s/ Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Shawn Liggons


**<u>JURY DEMAND</u>**


Plaintiff demands a jury trial as to all issues so triable in the within cause.


 /s/ Francis J. Landry
Francis J. Landry