UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Liggons,                                         Case No. 3:20-cv-1208

          Plaintiff,

    v.                                                          MEMORANDUM OPINION
                                                                  AND ORDER

General Motors, LLC, *et al.*,

          Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Shawn Liggons filed suit on June 2, 2020, alleging his employer (General Motors, LLC), and his union (United Automobile, Aerospace and Agricultural Implement Workers of America, Local 14), discriminated against him on the basis of his race and disability, and also retaliated against him for engaging in activities protected by Title VII of the Civil Rights Act. (Doc. No. 1). GM filed a motion to dismiss Liggons' claims, arguing those claims actually are untimely hybrid § 301 / fair representation claims. (Doc. No. 12). In ruling on GM's motion, I summarized Liggons' allegations:

> Liggons is an African American male who suffers from Post Traumatic Stress Disorder and Major Depression. (Doc. No. 1 at 3, 10). Liggons began working at GM as a temporary employee before being hired on a permanent basis in February 2016. (*Id.* at 4). He alleges he filed four grievances in 2016 concerning suspensions GM had imposed on him and that the "suspensions were discriminatory on the basis of race and not authorized per contractual language." (*Id.*). He asserts he filed a fifth grievance because GM gave "away his work responsibilities [to] someone of less seniority." (*Id.*). Liggons also asserts he previously filed charges of discrimination against GM in October 2017 and April 2018, and against the Union in October 2017 and August 2018. (*Id.*).

> He alleges that, after he filed these charges of discrimination, GM denied him a pay raise he was entitled to receive on October 1, 2018, and that he has not yet received this raise. (*Id.*). He also alleges the "Union failed in its duty to represent him on the pay raise issue based on racially discriminatory animus." (*Id.*).
>
> Liggons contends he has improperly been disciplined for absenteeism, which culminated in his suspension "for violations under the Document 8 attendance program . . . from April 10, 2019 to May 31, 2019." (*Id.*). He alleges this suspension was unwarranted because GM "failed to consider language indicating that absences cause[d] by personal or unforeseeable problems will be addressed in a reasonable and responsible manner." (*Id.* at 4-5). He also asserts GM "continued to harass him after he returned from his suspension on June 1, 2019." (*Id.*).
>
> Liggons has pled four causes of action. The first alleges racial discrimination in violation of Title VII, through GM's denial of the pay raise and "giving away his work responsibilities," his 2016 suspensions, a 30-day suspension in January 2018 for absenteeism, and his 2019 absenteeism suspension. (*Id.* at 6-7). He also alleges the "Union has worked together with [GM] . . . in bringing about his disparate treatment," and that the Union acted with discriminatory animus when it failed to represent him on these "disciplinary and wage issues that clearly breached the labor contractual provisions." (*Id.* at 7). Finally, he contends similarly situated but non-protected individuals were treated more favorably by both Defendants and that GM's explanations for its disciplinary sanctions, its denial of raises, and its harassment "were and are false and pretextual." (*Id.*).
>
> Liggons' second cause of action relies on the same set of allegations to plead a claim for willful racial discrimination in violation of 42 U.S.C. § 1981. (*Id.* at 7-9).
>
> His third cause of action also relies on the same set of allegations, except that he contends GM's and the Union's actions were motivated by discriminatory animus based upon his disabilities. (*Id.* at 9-11).
>
> Lastly, Liggons' fourth cause of action alleges a claim for a "pattern of ongoing retaliation against him for engaging in protected activities in violation of Title VII of the Civil Rights Act . . ." arising from GM's and the Union's treatment of him after he filed charges of discrimination against both Defendants (*Id.* at 12-13).

(Doc. No. 16 at 1-3).

I granted GM's motion in part and denied it in part. I concluded Liggons' first three claims were actually claims governed by § 301 of the Labor Management Relations Act ("LMRA") and were barred by the applicable statute of limitations when properly construed as hybrid § 301 claims. (*Id.* at 4-6). I denied GM's motion as to Liggons' fourth cause of action, concluding his retaliation claim did not depend upon the terms of a collective bargaining agreement. (*Id.* at 6).

The UAW Local 14 has filed a motion for partial judgment on the pleadings. (Doc. No. 19). Liggons filed a brief in response, (Doc. No. 22), and UAW Local 14 filed a brief in reply. (Doc. No. 23). For the reasons stated below, I grant UAW Local 14's motion.

## II. DISCUSSION

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. The moving party must show there is no material issue of fact and the movant is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

The UAW Local 14 argues it is entitled to judgment on Counts I-III because Liggons' claims against the union are the same as his claims against GM, which I previously concluded actually were time-barred hybrid § 301 claims. (Doc. No. 19 at 2-3). The union does not challenge Liggons' retaliation claim.

Liggons contends his claims are rooted in Title VII's prohibitions against race and disability discrimination and, therefore, that I should deny the union's motion. (Doc. No. 22 at 7). His arguments are not persuasive.

Liggons alleges the UAW Local 14 discriminated against him by "fail[ing] to represent Plaintiff in grievances over the aforementioned series [of] disciplinary and wage issues that clearly breached the labor contractual provisions." (Doc. No. 1 at 7, 9, and 11). As with his claims against

3

GM, Liggons' discrimination claims against the union are rooted in the union's collectively-bargained duty to represent him fairly. Such claims are covered by § 301 of the LMRA, not Title VII. *See Jones v. Truck Drivers Loc. Union No. 299*, 838 F.2d 856, 861 (6th Cir. 1988) ("Unfair representation, then, is unfair representation whether by reason of sex discrimination, handicap discrimination, or a willful breach of responsibility to carry out clear terms of a collective bargaining agreement for the benefit of union members and employees.").

Liggons does not allege any specific discriminatory conduct occurred in the six months immediately preceding the filing of his complaint on June 2, 2020. Therefore, his claims alleging the union discriminated against him on the basis of his race and disability during their representation of him are barred by the statute of limitations. *Martin v. Lake Cnty. Sewer Co., Inc.*, 269 F.3d 673, 679 (6th Cir. 2001).

### III. CONCLUSION

For the reasons stated above, I conclude Liggons' race and disability discrimination claims in fact are untimely hybrid § 301 claims and dismiss those claims. Therefore, I grant UAW Local 14's motion for judgment on the pleadings. (Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge