UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Shawn Liggons,                                                    Case No. 3:20-cv-1208

             Plaintiff,

      v.                                                         MEMORANDUM OPINION
                                                                       AND ORDER

General Motors, LLC, *et al.*,

             Defendants.


## I.      INTRODUCTION

Plaintiff Shawn Liggons, who is proceeding without the assistance of counsel, moved for

leave to amend his complaint.  (Doc. Nos. 78 and 78-1).  Defendants General Motors, LLC, and

United Automobile, Aerospace and Agricultural Implement Workers of America, Local 14 ("UAW

Local 14") opposed Liggons' motion.  (Doc. Nos. 80 and 81).  Liggons filed a brief in reply.  (Doc.

No. 88).  For the reasons stated below, I deny Liggons' motion.

## II.     BACKGROUND

Liggons began working at GM as a temporary employee before being hired on a permanent

basis in February 2016.  (Doc. No. 1 at 4).  He was a member of UAW Local 14 while employed by

GM.  (*Id.*).  Liggons filed suit through counsel on June 2, 2020, asserting claims for race

discrimination in violation of Title VII and 42 U.S.C. § 1981, disability discrimination, and

retaliation.  (*Id.* at 5-13).  UAW Local 12 filed an answer to the complaint, (Doc. No. 10), while GM

moved to dismiss all of Liggons' claims.  (Doc. No. 12).

On January 7, 2021, while GM's motion remained pending, Liggons' employment was terminated.  (*See* Doc. No. 78-1 at 3).  On March 31, 2021, I granted GM's motion to dismiss Liggons' three discrimination claims but denied the motion as to his retaliation claim.  (Doc. No. 16).  On April 9, 2021, UAW Local 14 moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to Liggons' discrimination claims for the reasons set forth in my Memorandum Opinion and Order dismissing those claims against GM.  (Doc. No. 19).

On April 19, 2021, I held a case management conference with counsel for the parties. During that conference, I adopted the parties' recommended April 30, 2021 deadline for amending the pleadings without leave of court.  (Doc. No. 20 at 2).  The parties completed briefing on UAW Local 14's Rule 12(c) motion, and I granted the motion on July 17, 2021.  (Doc. No. 24).

A few weeks later, Liggons' attorney moved for leave to withdraw as counsel.  (Doc. No. 26).  I granted the motion on August 25, 2021, and directed Liggons to obtain new counsel or provide notice he intended to proceed without the assistance of counsel.  (Doc. No. 27).  Liggons was unable to obtain counsel and proceeded to represent himself.  The parties completed discovery and, on January 20, 2023, both Defendants moved for summary judgment on Liggons' retaliation claim.  (Doc. Nos. 42 and 43).  I subsequently granted the motions, (Doc. No. 62), and Liggons appealed.  (Doc. No. 65).

On appeal, the United States Court of Appeals for the Sixth Circuit reversed my dismissal of Liggons' discrimination claims and affirmed the entry of summary judgment as to Liggons' retaliation claim.  *Liggons v. Gen. Motors, LLC*, No. 23-3890, 2024 WL 3094707, at *3 (6th Cir. June 17, 2024).  Pursuant to my order, the parties submitted a joint status report on August 9, 2024, to propose a schedule for next steps in this litigation.  (Doc. No. 70).  Among the proposed deadlines was a deadline for Liggons to file a motion for leave to amend his complaint.  (*Id.* at 1).  I subsequently set a deadline of September 20, 2024, for Liggons to file his motion.  (Doc. No. 74 at

1).  I then granted Liggons' request for an extension of that deadline, (Doc. No. 77), and he filed his motion for leave on October 1, 2024.  (Doc. No. 78).

### III.    DISCUSSION

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings.  Fed. R. Civ. P. 16(b)(3).  The scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary*, 349 F.3d at 909.

3

I conclude Liggons has not demonstrated good cause to extend the time to amend the pleadings as set in the case management order.

Liggons asserts he "would have pursued amendments if he knew that he could before the court ruled on summary judgment." (Doc. No. 88). But the Supreme Court has held that parties proceeding without the assistance of counsel still must comply with the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Liggons' failure to learn he could move to amend his complaint in the 16 months that passed between his attorney's withdrawal and the summary judgment deadline does not show he "acted diligently" in seeking leave to amend. *Leary*, 349 F.3d at 906.

Liggons also contends his failure to meet the amendment deadline should be excused because his attorney drafted the original complaint and Liggons "strongly believes . . . counsel would have requested . . . leave to amend" if counsel was still representing Liggons when the EEOC had issued its right to sue letters concerning the charges Liggons filed against GM and UAW Local 14 following his termination. (Doc. No. 88). But Liggons was represented by counsel on January 7, 2021, when his employment was terminated, and on March 5, 2021, when he filed his EEOC charges. (*See* Doc. No. 78-1 at 3, 7). Presumably Liggons' former counsel was aware of these events when counsel agreed to an April 30, 2021 deadline for amending the pleadings. But even if counsel was not aware of these events, Liggons still fails to show how counsel's withdrawal from representation in August 2021 excuses his failure to seek leave to amend his complaint until October 1, 2024.

Moreover, both Defendants would suffer prejudice if I granted Liggons leave to amend, as the parties would need to engage in an entirely new exchange of discovery over two years after summary judgment motions were filed.

I conclude Liggons fails to show good cause to extend the Rule 16 scheduling deadline. Therefore, I will not consider the parties' Rule 15 arguments.  *See Leary*, 349 F.3d at 909.

### IV.   CONCLUSION

For the reasons stated above, I deny Plaintiff Shawn Liggons' motion for leave to amend his complaint.  (Doc. No. 78).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge